UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TAMMY ALBRITTON, | ) Case No.: |
| Plaintiff, | ) |
| | ) COMPLAINT AND DEMAND |
| v. | ) FOR JURY TRIAL |
| MIDLAND CREDIT MANAGEMENT, | ) (Unlawful Debt Collection Practices) |
| Defendant. | ) |

## COMPLAINT

TAMMY ALBRITTON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND CREDIT MANAGEMENT ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the TCPA. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

4. Defendant conducts business in the State of Florida, and as such, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2).

**PARTIES**

6. Plaintiff is a natural person residing in Sebring, Florida 33870.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

9. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(8).

10. Defendant is a national debt collection company with its corporate headquarters located at 2365 Northside Drive, Suite 300, San Diego, California 92108.

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a debt from Plaintiff.

12. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

13. Defendant is a "creditor" as that term is defined in the FCCPA, Fla. Stat. § 559.55(5).

14. Debt collection is the principal purpose of Defendant's business.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

16. Beginning in or about June of 2017 and continuing through in or about March 2018, Defendant called Plaintiff attempting to collect a Credit One Bank credit card debt.

17. The Credit One Bank credit card debt arose from a transaction that was primarily for personal, family, or household purposes.

18. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

19. Plaintiff knew that Defendant was using an automatic telephone dialing system, automated message and/or prerecorded voice because when she answered calls she would hear a pre-recorded message on the line before the call was transferred to a live representative.

20. Defendant's telephone calls were not made for "emergency purposes."

21. In June of 2017, soon after the calls began, Plaintiff told Defendant to stop calling her.

22. Once Defendant was told to stop calling, its continued calls could have served no lawful purpose besides harassment.

23. Defendant persisted in calling Plaintiff's cellular telephone repeatedly through March 2018.

24. Plaintiff knew that Defendant was calling her because she spoke to collectors who identified their company name as the Defendant's during their conversations.

25. Plaintiff found Defendant's calls to be harassing, intrusive and distressing for the duration of this time period.

26. Upon information and belief, Defendant conducts business in a manner which violates the TCPA, FDCPA, and the FCCPA.

**COUNT I**
**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

29. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

30. Defendant's calls were to Plaintiff were not made for "emergency purposes."

31. After Plaintiff told Defendant to stop calling, Defendant knew or should have known that it did not have consent to call and/or that any consent it thought it had was revoked.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
### DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

37. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

38. Defendant violated both sections of the FDCPA by placing repeated harassing telephone calls to Plaintiff within the one year period preceding the filing of this Complaint knowing at all times that its calls were unwanted.

## COUNT IV
### DEFENDANT VIOLATED
### THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

39. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40. Any person attempting to collect a consumer debt violate § 559.72(7) by willfully communicating with the debt with such frequency as can reasonably be expected to harass the debtor or willfully engaging in other conduct which can be reasonable excepted to abuse or harass, the debtor, such as causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

41. Defendant violated § 559.72(7) when it called Plaintiff repeatedly to collect an alleged cellular telephone debt and continued to call Plaintiff despite being informed that Plaintiff did not want to be contacted.

WHEREFORE, Plaintiff, TAMMY ALBRITTON, respectfully prays for judgment as follows:

a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

d. The greater of all actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A); or

e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B); or

f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3); and

g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

h. Statutory damages of $1,000.00 pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

i. Costs and reasonable attorneys' fees pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

j.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TAMMY ALBRITTON, demands a jury trial in this case.

Respectfully submitted,

Dated: January 25, 2019         By: */s/ Amy L. Bennecoff Ginsburg*
                                Amy L. Bennecoff Ginsburg, Esq.
                                Kimmel & Silverman, P.C.
                                30 East Butler Pike
                                Ambler, PA 19002
                                Phone: (215) 540-8888
                                Facsimile: (877) 788-2864
                                Email: aginsburg@creditlaw.com